United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-13161-pmm |
| Diane McPeek | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 1 |
| Date Rcvd: May 04, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Diane McPeek, 221 Bainbridge Circle, Sinking Spring, PA 19608-1773 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: May 06, 2022 | Signature: | /s/Gustava Winters |

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DAVID S. GELLERT | on behalf of Debtor Diane McPeek dsgrdg@ptdprolog.net |
| KELLIE LYNNE RAHL-HEFFNER | on behalf of Creditor Santander Bank  N.A. krahl-heffner@grossmcginley.com, jkacsur@grossmcginley.com;jpraedin@grossmcginley.com |
| REBECCA ANN SOLARZ | on behalf of Creditor NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER bkgroup@kmllawgroup.com rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
Diane McPeek,                                          :        Chapter 13
                                                       :
                                                       :
            Debtor.                                    :        Bky. No. 21-13161 (PMM)

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #27 "the Application") filed by David S. Gellert ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$6,300.00** for representation of the Debtor from the inception of the case until confirmation. The chapter 13 plan was confirmed on April 21, 2022.

**AND**, upon the Applicant's certification that proper service has been made on all interested parties;

**AND**, upon the Applicant's certification of no response;

**AND** the Application seeking total fees of $6,300.00 for representation of this "above-median" Debtor. Applicant also seeks reimbursement of expenses in the amount of $366.22.

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$5,875.00**, minus $1,313.00 which was paid to the Applicant pre-petition. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. Expenses are allowed in the amount of $366.22.

4. The Trustee is authorized to distribute to the Applicant these allowed amounts of as an administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the docket in this bankruptcy and the Applicant's time records (filed as an exhibit to the Application), I am left unpersuaded that a fee of $6,300.00 is warranted. The Application charges a total of 2.3 hours for a meeting held and correspondence sent in 2017 and 2018, more than three (3) years before the filing of this bankruptcy case. Additional meetings were held and correspondence sent in 2020 and 2021, a time during which the information would have been necessary in order for the Debtor to proceed in bankruptcy. Because the time charged is excessive, I will reduce the Applicant's compensation to $5,875.00, the "no look" fee for an above-median case. See L.R. 2016-3(a), (c).

distribution is authorized under the terms of the chapter 13 plan.

Date: May 4, 2022

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**